IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO R. BRACAMONTE, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>ESKANOS & ADLER, et al.,<br><br>        Defendants.<br>_____ / | No. C 03-01821 SI<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |

On December 5, 2005, plaintiffs filed a motion for leave to file a motion for reconsideration of the Court's November 29, 2005 Order Re: Motion for Approval and Payment of Attorneys' Fees and Costs. Plaintiffs' motion is premised on two alleged errors in the Court's decision. First, plaintiffs contend that the Court erred when it stated that a significant portion of the settlement funds were unclaimed by class members. Although plaintiffs are technically correct that class members were not required to "claim" their settlements, the fact remains that a significant portion of the settlement funds were ultimately not distributed to class members. Thus, the Court's point – that plaintiffs' arguments regarding the importance of this litigation are undercut by the fact that significant settlement funds were not ultimately distributed to class members – remains valid.

Second, plaintiffs suggest that the Court erred by reducing the fee award because "[t]he reduction of $7,058.66 in the [order] had been contemplated in the parties' compromise of attorneys' fees and costs at $85,000." Motion at 3. However, as the Court specifically noted in the November 29, 2005 order, plaintiffs' motion for attorneys' fees did not provide any explanation whatsoever for how the parties reached the $85,000 amount. *See* Order at 2:10-11. The Order also noted that plaintiffs did not explain what deductions were made to reach that amount, and that the only documentation before the Court in support of the fee request was plaintiffs' original fee application. *Id.* at 2:15-18. The Court has an obligation under Rule 23 to ensure that the

fees and costs awarded to class counsel are reasonable. *See Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003). The Court has on several occasions informed plaintiffs that the Court would not approve a fee award unless counsel provided documentation in support of the amount sought. Instead of submitting a new fee application or in any way explaining how the parties reached the $85,000 amount, plaintiffs simply relied on the initial fee application. Accordingly, the Court reviewed the initial fee application and made appropriate deductions to arrive at a fee the Court considers reasonable under the circumstances of this case. Plaintiffs have provided no basis for the Court to reconsider the November 29, 2005 order.

Finally, plaintiffs request that if the Court declines to reconsider the November 29, 2005 order, it should alternatively distribute the amount of fees excluded from the fee award ($7,058.66) as a *cy pres* award to the Legal Aid Society of San Mateo County. Although the Court finds this request well-intentioned, plaintiffs have provided no authority for such a *cy pres* distribution. Moreover, the Court is not aware of any authority allowing for a *cy pres* distribution of funds that do not flow from a common fund and were not originally designated as damages, but solely as attorneys' fees. *Cf. Molski v. Gleich*, 318 F.3d 937, 954 (9th Cir. 2003) (discussing case law on *cy pres* distributions and noting that such distributions are in lieu of damages payments to class members).

For the foregoing reasons, the Court hereby DENIES plaintiffs' motion for leave to file a motion for reconsideration. [Docket No. 140].

**IT IS SO ORDERED.**

Dated: December 9, 2005

SUSAN ILLSTON
United States District Judge